IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VERNON J. AMOS,

                        Plaintiff,

                                            CIVIL ACTION
       vs.                                    No. 03-3308-GTV

ROGER WERHOLTZ, et al.,

                        Defendants.

**ORDER**

    Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 seeking relief on allegations that prison officials violated his constitutional rights.  Having reviewed the record, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

    Plaintiff cites his placement in segregation in October 2002 after assaulting a dietary worker, and seeks declaratory judgment and damages for the violation of his constitutional rights during his segregated confinement.

    Plaintiff first states he was subjected to cold temperatures, the loss of clothing, no water for sanitary needs, and the denial of bedding, mattress, and hygiene supplies, all contrary to his right under the Eighth Amendment to not be subjected to cruel and unusual punishment.

Second, he states he suffered an insulin reaction when food to the segregated unit he was moved to was delayed, and he then refused to eat the food loaf that was offered because it was not Kosher. Thereafter, a peanut butter sandwich was offered and accepted. And third, plaintiff states he attempted suicide after his request for a mental health professional was denied. Plaintiff acknowledges he received medical attention from a nurse for his cut wrists, but states he was not transferred or placed on suicide watch. On these allegations, plaintiff contends defendants violated the Eighth Amendment by being deliberately indifferent to his serious medical needs, and by not complying with facility protocols and procedures.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners. <u>Wilson v. Seiter</u>, 501 U.S. 294, 296-97 (1991).

Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346-47 (1981). To state an actionable Eighth Amendment claim, plaintiff must show the challenged state action was sufficiently serious as to deny "the minimal civilized measure of life's necessities," and also show the responsible officials acted with "deliberate indifference" to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). "Deliberate indifference" is demonstrated when the prison

official "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 834.

Plaintiff's allegations concerning the conditions of his segregated confinement fall far short of establishing any such claim in this case. After plaintiff attempted suicide, he was placed in a bare cell with only a paper gown. Plaintiff documents that clothing, bedding, water, and hygiene supplies were provided over a five day period in response to plaintiff's compliant behavior. Under the circumstances, the deprivations cited by plaintiff wholly fail to establish that the conditions of his temporary segregated confinement denied him the basic necessities of life or subjected him to conditions that posed a substantial risk of serious harm. Nor are plaintiff's allegations sufficient to show that any defendant acted with deliberate indifference to his health and safety.

Relative to plaintiff's second and third claims, it is recognized that a prison official's deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To state an constitutional claim based on the denial or delay of necessary medical care for a serious medical need, "deliberate indifference" must be evidenced by proof that corrections personnel intentionally denied, delayed access to or interfered with prescribed or needed treatment. <u>Id</u>., 429 U.S. at 104-06. Delayed medical care constitutes an Eighth Amendment violation only where the plaintiff can show the delay resulted in substantial harm. <u>Garrett v. Stratman</u>, 254 F.3d 946, 950 (10th Cir. 2001). Substantial harm is a "lifelong handicap, permanent loss, or considerable pain." <u>Id</u>. The court finds plaintiff's allegations fall far short of these

constitutional standards.

Plaintiff cites only a single instance of not getting appropriate food in a timely manner for his physical needs, and acknowledges that acceptable alternative food was provided. Isolated instances of deficient and uncomfortable conditions of confinement are not sufficiently serious to constitute denial of the minimal civilized measure of life's necessities.

Plaintiff also identifies only one request for mental health assistance that was not honored. Although plaintiff identifies an earlier assessment by an outside mental health professional that plaintiff was schizophrenic and in need of mental health treatment, prison staff assessed plaintiff as manipulative. This professional disagreement is insufficient to establish an Eighth Amendment, as are plaintiff's allegations of negligence and malpractice by prison staff. *See* <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10th Cir. 1992)(disagreement between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation); <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action). Plaintiff does not suggest the medical care provided after his suicide was not adequate and appropriate, and his contention that prison regulations for a suicide protocol were not followed is insufficient to state a cognizable constitutional claim. Although plaintiff cites physical consequences resulting from his insulin reaction and/or suicide attempt, no substantial harm for the purpose of stating an Eighth Amendment claim based on delayed medical care is presented.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief

under 42 U.S.C. § 1983.  *See* 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further prior notice to plaintiff.

    IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

    **IT IS SO ORDERED.**

    DATED:  This 25th day of July 2006 at Topeka, Kansas.


                               s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge